[A8232]

**SCANWELL LABORATORIES, INC.,**
Appellant,

v.

**DEPARTMENT OF TRANSPORTA-TION, FEDERAL AVIATION ADMIN-ISTRATION, Appellee.**

Patent Appeal No. 8988.

United States Court of Customs and Patent Appeals.

Sept. 13, 1973.

John M. Calimafde, New York City (Sandoe, Hopgood & Calimafde, New York City), for appellant.

T. Hayward Brown, Louise O'Neil, Washington, D. C., for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

ALMOND, Senior Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board, 170 USPQ 174 (1971), which granted appellee's petition under 15 U.S.C. § 1064 to cancel appellant's registration [1] of the mark:

V-RING

for "Directional antennas for use with instrument landing systems."

Appellant, Scanwell Laboratories, Inc. (Scanwell) is a manufacturer of air navigational aids such as instrument landing systems including antennas. On March 30, 1962, it submitted an unsolicited proposal to appellee, Department of Transportation, Federal Aviation Administration (FAA), for a low cost instrument landing system. The FAA accepted the proposal and a contract for development of such a system was entered into between the parties on June 14, 1962.

The development contract contained the following provision, the pertinence of which to this appeal will become apparent later:

The Contractor shall not affix any restrictive markings upon any Subject Data, and if such markings are affixed, the Government shall have the right at any time to modify, remove, obliterate or ignore any such marking.

The system developed in accordance with this contract utilized an array of fifteen directional antennas each of which included a loop or ring shaped radiating element that was shielded by a V-shaped parasitic reflector element. A prototype of this system was completed in time for a photograph of it to be exhibited on September 16, 1963, at an FAA sponsored research and development symposium held in Atlantic City, New Jersey.

According to the record, the photograph was labelled with a captioned card. The caption, all of which was in upper case letters, read in part:

V-RING LOCALIZER ANTENNA FOR THE FUTURE

Although the testimony varied as to the content of the balance of the caption, it was established that the card identified Scanwell as the manufacturer. Appellant relies on this label as its first use of V-Ring as a trademark.

In November 1963 a test installation of the system was made at an airport serving Jackson, Mississippi. This was followed by a permanent installation at that site in February 1964. Witnesses for appellee testified that the term "V-Ring" was used at that time to designate the antenna elements but they were not aware that it was regarded by Scanwell to be a trademark.

Because of the satisfactory nature of the tests of the landing system, FAA purchased additional units from Scan-

1. Reg. No. 814,353, issued September 6, 1966.

well. These units were labelled according to FAA specifications. The labels employed by Scanwell to identify its system took the following form:

A9219

The record suggests that a similar label was employed by other manufacturers of the same landing system for FAA as a result of competitive bidding. When such use occurred is not revealed in the record.

During the course of their relationship, various documents were generated by the parties to this appeal. In them the antenna system is referred to in a variety of ways including the following:

Directional V-Ring Localizer Antenna Array

directional V-Ring localizer antenna array

V-Ring array

SCANWELL V-RING DIRECTIONAL LOCALIZER EQUIPMENT

V-Ring directional localizer system

V-Ring antenna elements

These documents included instruction manuals prepared for the FAA in accordance with the contract.

One of these documents was a "Selection Memorandum" prepared by the FAA describing the landing system and recommending that it be incorporated into the national system of landing aids. That memorandum, issued March 23, 1964, was available to the public, particularly FAA contractors. Scanwell had actual knowledge of its existence. The memorandum did not indicate that Scanwell was developer of the system it described as a "Directional V-Ring Localizer Antenna Array."

In addition to supplying the FAA with antenna units in accordance with their contract, Scanwell was engaged in efforts to market the system to other purchasers. One such sale was made on September 28, 1964, to the Canadian government. According to appellant, the equipment provided in that sale bore the trademark "V-Ring." The physical context in which the trademark appeared is not shown in the record. However, since the sale is alleged by appellant to be its first use of the trademark in commerce, presumably the mark was used in the same or a similar form to that appearing in the board opinion at 170 USPQ 175, a reproduction of a sample label provided the Patent Office showing how the goods are identified in commerce. On that label the following legend appears:

DIRECTIONAL V-RING ANTENNA ARRAY

Following it and in slightly smaller letters is:

SCANWELL LABORATORIES, INC.

Although it was aware of the manner, outlined above, in which the FAA had used V-Ring, Scanwell made no objection until February 12, 1969, when it wired FAA requesting that:

\* \* \* when your office uses the mark, we ask that you indicate the mark is registered and owned by Scanwell Laboratories, Inc.

In view of this record, the board concluded that Scanwell's registration

should be cancelled. It reasoned as follows:

It is abundantly clear from the record in this case that the term "V-RING" aptly describes the configuration of the primary components of the antennas used in the instrument landing system developed for the FAA by Scanwell, as it likewise is that the assertion by Scanwell of a proprietary interest in the term is in contravention of the provisions of Subparagraph G of Article I of the agreement between the parties hereinbefore referred to.

Moreover, it is also clear that Scanwell has used the term "V-RING" upon the nameplates for and in the advertising of its product not as a trademark for the product but merely as a part of the descriptive name therefor which was approved by the FAA.

## OPINION

■ Appellee, and the board in reaching its decision, relied, inter alia, on the contract provision referred to supra barring "any restrictive markings upon any Subject Data." We find the reliance to be misplaced.

The contract defines "Subject Data" as follows:

The term "Subject Data" as used herein includes writings, sound recordings, pictorial reproductions, drawings or other graphical representatives, and works of any similar nature (Whether or not copyrighted) which are specified to be delivered under this contract.

The quoted provisions make it clear, we think, that the Government has a right to ignore markings applied to data supplied the Government indicating that they are to be kept secret or given but limited circulation. In our view these provisions cannot be construed to preclude a manufacturer from affixing a trademark to goods supplied under a contract which would merely distinguish his goods from those of other manufacturers.

In the first place, a finished article of hardware is not of a "similar nature" to those items specified by the contract as "Subject Data." Secondly, the use of the trademark in contracts, reports, etc. which clearly are "Subject Data" or on the goods themselves does not restrict the Government from using these items as it sees fit.

■ Nevertheless, despite the misconstruction by the board of the contract provision, we affirm the board's decision granting the petition to cancel the trademark. In our view the record supports the conclusion that Scanwell used V-Ring as descriptive of the antenna elements and acquiesced in the FAA use of that mark in the same way.

Appellant has argued that V-Ring is not descriptive of the antenna elements because a circular antenna element is known in the art as a "loop" antenna and a "V" antenna as known to the art does not encompass a V-shaped reflector.

■ Assuming, arguendo, the truth of these assertions, and support for them is found in the record, it might very well be that "V-Ring" would not be inherently descriptive of the goods involved. However, as the board pointed out, the term "aptly describes the configuration of the primary components of the antennas" and we have no doubt "V-Ring" if used in a manner which fails to indicate that it is regarded as a trademark would readily be understood to describe antennas of the type involved here. A party seeking trademark rights must, therefore, exercise some degree of caution to prevent an admittedly novel but suggestive term from becoming descriptive.

In the instant case we do not believe that the labels applied to the photograph of the prototype or actual units of the system can be regarded as a trademark use of "V-Ring." In the first place the lettering on these labels displays the alleged trademark with other clearly de-

scriptive terms such as "directional," "antenna array" and "localizer antenna" with lettering of identical size. Secondly, no symbol or other indication is used designating it to be a trademark. The record also reveals that there existed numerous other antenna configurations used as directional antennas. Therefore, in the absence of some clear indication of trademark usage, it is likely that V-Ring, in the context of these labels, will be regarded as a term distinguishing one antenna array from others by type rather than origin. In that respect it would be descriptive of the goods.

With regard to the documents generated by FAA and Scanwell, none prepared before appellant filed its application to register V-Ring include a specific indication, for example a symbol, that it was regarded as a trademark. However, appellant has argued that "V-Ring" has consistently been capitalized by it and FAA. From our review of the record this would appear to be true but this fact alone would not constitute a trademark usage if in context its use was descriptive rather than indicative of source or origin. See Clairol, Inc. v. Roux Distributing Co., 280 F.2d 863, 47 CCPA 1165 (1960).

In our view the documents of record and testimony of witnesses support the board's conclusion that V-Ring was used by both FAA and Scanwell to describe the antenna array. In reaching this conclusion we have not ignored two of appellant's exhibits indicating by use of the symbol ® that V-Ring was regarded as a trademark. However, both of these[2] bear dates later than the filing date of the application. As we indicated above, by that time the parties involved here had established a pattern of use by

which V-Ring was employed to describe the antennas.

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.

2. According to a witness for appellant, one of these, an advertising brochure, was distributed at an air show in June 1965, more than one year *before* the registration was granted.